**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0302n.06
Filed: May 28, 2008

No. 07-5895

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| STEWART'S WHOLESALE ELECTRIC SUPPLY, INC., | **)** | |
| | **)** | |
| **Plaintiff-Appellant** | **)** | **ON APPEAL** FROM THE UNITED |
| | **)** | STATES DISTRICT COURT FOR THE |
| v. | **)** | WESTERN DISTRICT OF TENNESSEE |
| | **)** | |
| FCCI INSURANCE GROUP; | **)** | **OPINION** |
| HARLEYSVILLE INSURANCE | **)** | |
| COMPANIES, | **)** | |
| | **)** | |
| **Defendants-Appellees.** | | |

BEFORE:    **MOORE and MCKEAGUE, Circuit Judges; SCHWARZER,**[*] **District Judge**.

**WILLIAM W SCHWARZER, District Judge**. Stewart's Wholesale Electric Supply, Inc.

appeals the summary judgments in favor of FCCI Insurance Group and Harleysville Insurance

Companies. FCCI and Harleysville each issued commercial insurance policies to Stewart's covering

losses from employee dishonesty. Each of the policies stated in substance that "we will pay only for

covered loss discovered no later than one year from the end of the policy period." The FCCI

policies provided coverage for the period June 1, 2001 to June 1, 2003. The Harleysville policies

provided coverage for the period June 1, 1995 to June 1, 2001. In October 2005, Stewart's

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the
Northern District of California, sitting by designation.

discovered that its general manager had embezzled approximately $500,000 from the business between 1996 and 2003. Stewart's gave notice of the theft to both FCCI and Harleysville shortly thereafter, but both insurers denied coverage because the loss was discovered more than one year from the end of the policy period.

Stewart's filed suit in Tennessee state court against FCCI and Harleysville, which removed the case to the district court pursuant to 28 U.S.C. § 1332(a)(1). Each defendant moved for summary judgment and the district court granted the motions, holding that the loss was not covered because it was discovered more than one year after termination of the insurance policies. The district court rejected Stewart's argument that Tennessee law allows an insured to overcome its failure to provide timely notification when the evidence shows that the insurer is not prejudiced by such delay. Stewart's timely appealed.

## ANALYSIS

We review a grant of summary judgment de novo. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c). Tennessee law applies in this diversity action. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

In interpreting insurance contracts, Tennessee courts "determine the intention of the parties and give effect to that intention." *Naifeh v. Valley Forge Life Ins. Co.*, 204 S.W.3d 758, 768 (Tenn. 2006). "An insurance policy must be interpreted fairly and reasonably, giving the language its usual and ordinary meaning." *Id*. An unambiguous policy may not be rewritten by the court. *Id*.

It is undisputed that Stewart's did not discover its general manager's theft until more than

2

one year after termination of both the FCCI and Harleysville policies. The plain language of the policies therefore does not cover Stewart's loss. But Stewart's argues that the principle of *Alcazar v. Hayes*, 982 S.W.2d 845 (Tenn. 1998), should be extended to excuse its untimely discovery. In *Alcazar*, an insured attempted to recover under an uninsured motorist provision that required notice of an accident "as soon as possible" after the accident occurred. *Id*. at 847. The insured did not give notice until approximately one year after the accident. The Tennessee Supreme Court held that untimely notice could be excused where the insurer was not prejudiced. *Id*. at 850.

Stewart's reliance on *Alcazar* is misplaced. *Alcazar*, which involved an uninsured motorist policy, held that an insurer, to properly deny coverage based on the policy's notice provision, must demonstrate prejudice as a result of the insured's failure to comply with that provision. The holding in *Alcazar* is inapplicable here because FCCI and Harleysville did not base their denial of coverage on the policies' notice provision. The issue here is whether the discovery clause of a commercial crime policy bars coverage for an employee theft loss. The policies issued to Stewart's provided coverage only for losses incurred as a result of employee theft that were discovered within one year of the policy period; the policy period under the FCCI policy ended June 1, 2003, and the policy period under the Harleysville policy ended June 1, 2001. Stewart's did not discover the loss until October 22, 2005, more than one year after the end of the final policy's discovery period. Because the plain and unambiguous language of the policies provided that they will only cover dishonesty discovered during the policy period or no later than one year after its end, Stewart's is not entitled to coverage.

Tennessee courts have not heretofore addressed the question whether *Alcazar* should apply to the discovery provision in commercial crime policies, although at least one court has observed

that "[a]s far as we can tell, our Supreme Court has never applied the rationale of *Alcazar* to a claims-made policy." *Pope v. Leuty & Heath, PLLC*, 87 S.W.3d 89, 94 (Tenn. Ct. App. 2002); *see also Union Planters Bank, N.A. v. Continental Cas. Co.*, 478 F.3d 759, 766 (6th Cir. 2007) (observing that "Tennessee courts have limited the application [of *Alcazar*] to occurrence-based policies"). However, the precise issue came before the Missouri Court of Appeals in *Southeast Bakery Feeds, Inc., v. Ranger Insurance Company*, 974 S.W.2d 635 (Mo. Ct. App. 1998). The court affirmed summary judgment for the insurer, strictly enforcing the discovery clause in an employee dishonesty policy, reasoning that "[b]ecause of the nature of the discovery clause as a valid limit of liability, the prejudice rule applicable to untimely notice in 'occurrence' liability policies of insurance does not extend to the discovery clause in indemnity agreements." *Id*. at 641. We think the Tennessee Supreme Court would reach the same result.[1]

**CONCLUSION**

For the reasons stated, we **AFFIRM** the judgment of the district court.

---

[1] Stewart's also argues that the district court erred by entering summary judgment without allowing adequate time for discovery. Stewart's forfeited this argument by failing to submit an affidavit in the district court pursuant to FRCP 56(f) setting forth the reasons why it needed additional discovery to support its opposition to the motion for summary judgment. *See Plott v. General Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995) ("[I]f the appellant has not filed either a rule 56(f) affidavit or a motion that gives the district court a chance to rule on the need for additional discovery, this court will not normally address whether there was adequate time for discovery.").